UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-2043-B |
| | § | |
| ANDERSONS GOLD & SILVER EXCHANGE, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Joe Hunsinger's Motion for Default Judgment and Amended Motion for Default Judgment (Docs. 11 and 14, respectively) and Defendant Andersons Gold & Silver Exchange, L.L.C's ("AGSE") Motion to Set Aside Default Judgment (Doc. 16). Because the Court concludes that default judgment is not procedurally warranted, the Court **DENIES** Garza's motions for default judgment (Docs. 11 and 14), **GRANTS** AGSE's motion (Doc. 16), and **SETS ASIDE** the Clerk's entry of default (Doc. 9).

## I.
## BACKGROUND

On August 3, 2020, Hunsinger filed his Complaint (Doc. 3) against AGSE. Hunsinger alleges injuries arising from his transactions with AGSE regarding the sale of gold. Doc. 3, Compl., ¶¶ 9–80 Based upon these injuries, Hunsinger brings claims against AGSE for: (1) breach of contract; (2) fraud; and (3) violations of Title II of the Civil Rights Act of 1964. *Id.* ¶¶ 81–111.

Hunsinger properly served AGSE on August 20, 2020, by delivering the summons and complaint to Mark D. Johnson, AGSE's registered agent and attorney. *See* Doc. 7, Proof of Service; Doc. 16, Def.'s Mot., 1. On Thursday, September 10—the date that AGSE's answer was due—AGSE had not answered, and Hunsinger moved for entry of default (Doc. 8). The Clerk entered default on the following day (Doc. 9).

According to AGSE's motion and Mr. Johnson's sworn declaration, Mr. Johnson was admitted to a hospital "on an emergency basis" after being served, but before AGSE's answer was due. Doc. 16, Def.'s Mot., 1, 6. After his release from the hospital, Mr. Johnson filed AGSE's answer (Doc. 10) on Monday, September 14, 2020—two business days after AGSE's answer was due. *Id.* at 2–3.

Hunsinger moved for default judgment (Doc. 11) the next day, Tuesday, September 15, 2020. Hunsinger subsequently amended his motion for default judgment (Doc. 14) on October 2, 2020, and AGSE filed a motion to set aside the entry of default (Doc. 16) on October 7, 2020. Hunsinger responded to AGSE's motion (Doc. 17) on October 14, 2020.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207,

212 (5th Cir. 1996) (upholding the district court's denial of default judgment where defendants answered two days late). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts first consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

### III.
### ANALYSIS

After reviewing Plaintiff's motion in light of the six *Lindsey* factors, the Court determines that default judgment is not procedurally warranted. "[A] district court has the discretion to decline to enter a default judgment," and here the relevant factors weigh against such a "disfavored" result. *Lindsay*, 161 F.3d at 893. First, AGSE has filed an answer, in which it disputes facts material to the outcome of the case. *See generally* Doc. 10, Answer. Second, it is not clear how AGSE's delay in answering has substantially prejudiced Plaintiff, as Plaintiff is proceeding *pro se* and has therefore incurred no attorney's fees.[1] *See* Doc. 3, Compl., 1; Doc. 16, Def.'s Mot., 3. Third, even if the

---

[1] To the extent that Hunsinger has incurred costs as a result of AGSE's delay in answering, AGSE "is willing to reimburse Plaintiff for his expenses (*e.g.* mailing expenses). . . ." Doc. 16, Def.'s Mot., 3.

grounds for default were clearly established by AGSE's failure to timely answer, AGSE has now answered. Fourth, AGSE's delay in answering was the result of its attorney's medical emergency. Doc. 16, Def.'s Mot., 1. Once released from the hospital, Mr. Johnson promptly filed AGSE's answer, two business days after it was due. *Id.* at 2–3. The Court thus finds AGSE's delay constitutes "a good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, the Court believes that a default judgment at this point would be unduly harsh. The majority of the factors thus weigh against granting a default judgment. Therefore, the Court concludes that default judgment is not procedurally warranted.

## IV.
## CONCLUSION

Based on the foregoing, the Court **DENIES** Hunsinger's motion for default judgment and amended motion for default judgment (Docs. 11 and 14), **GRANTS** AGSE's motion to set aside default (Doc. 16), and **ORDERS** that the Clerk's Entry of Default against AGSE (Doc. 9) be set aside.

**SO ORDERED**.

**SIGNED: October 20, 2020.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE