# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:20-CV-2043-B-BH |
| | § | |
| ANDERSONS GOLD & SILVER | § | |
| EXCHANGE, LLC, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Notice of Dismissal With Prejudice*, filed March 23, 2021 (doc. 24). Based on the relevant filings and applicable law, the filing should be liberally construed as the plaintiff's motion to dismiss his claims with prejudice and **GRANTED**.

## I. BACKGROUND

Joe Hunsinger (Plaintiff) filed this action against the defendant on August 3, 2020, alleging breach of contract, fraud, and violation of Title II of the Civil Rights Act of 1964, in connection with its purchase of gold from him. (*See* doc. 3.) After the defendant answered the lawsuit, a pretrial scheduling order was entered on November 13, 2020. (*See* docs. 10, 23.) On March 23, 2021, Plaintiff filed a notice of dismissal of this case with prejudice. (*See* doc. 24.) The defendant was twice ordered to either file a written stipulation if it consented to dismissal, or to file a response to to the notice if it did not consent to dismissal. (*See* docs. 25, 26.) The defendant did not file anything in response to the orders, and it did not file any opposition to the notice.

## II. RULE 41

Plaintiff seeks to dismiss his claims with prejudice under Fed. R. Civ. P. 41.

---

[1] By *Standing Order of Reference*, filed 10/21/2020 (doc. 19), this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss his action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Here, the defendant filed an answer, which precludes voluntary dismissal by notice. *See In re Amerijet Intern., Inc.,* 785 F.3d. 967, 974-75 (5th Cir. 2015). Accordingly, the plaintiff may only voluntarily dismiss his action against the defendant without a court order by filing a stipulation of dismissal signed by it. Fed. R. Civ. P. 41(a)(1)(A)(ii). Although the defendant did not file any opposition to the notice of dismissal, there is no written stipulation of dismissal signed by all parties. Plaintiff's notice of dismissal with prejudice is therefore construed as an unopposed motion to dismiss this action under Rule 41(a)(2).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant serves either an answer or a motion for summary judgment, and if it does not consent to voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *see also In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). Unless the order otherwise states, a dismissal under Rule 41(a)(2) is without prejudice. *See id.* The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary

consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18. The Fifth Circuit Court of Appeals recently clarified that "one of the reasons a court may deny [ ] a request is bad faith on the plaintiff's part." *Dunster Live, LLC v. LoneStar Logos Mgmt. Co., LLC.*, 908 F.3d 948, 951 (5th Cir. 2018); *see also Manshack*, 915 F.2d at 174 ("The courts must carefully monitor Rule 41(a)(2) voluntary dismissals to insure that they do not engender abuse.").

Here, the defendant did not file a response or opposition to the notice of dismissal of Plaintiff's claims with prejudice. No plain legal prejudice has been shown or is apparent under the circumstances, and the voluntary dismissal with prejudice should be freely granted.

### III. RECOMMENDATION

Plaintiff's motion to dismiss his claims with prejudice should be **GRANTED**.

**SO RECOMMENDED** on this 21st day of May, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                              IRMA CARRILLO RAMIREZ
                                                              UNITED STATES MAGISTRATE JUDGE